**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LESTER DALE PERRY**                                                                 **PETITIONER**

V.                               4:03CR00280
                                 4:07CV00054

**UNITED STATES OF AMERICA**                                                 **RESPONDENT**


**ORDER**

On August 20, 2004, the petitioner entered a conditional plea of guilty to Count one of the Superseding Indictment charging him with a violation of 18 U.S.C. §922(g)(1), felon in possession of a firearm. On March 22, 2005, the petitioner was sentenced to 92 months' imprisonment on the indictment and an additional eight months under 18 U.S.C. §3147, three years supervised release, no restitution, no fine, and a $100 special assessment.

On March 28, 2005 the petitioner filed a notice of appeal. In his appeal, the petitioner argued that the trial court erred in (1) denying his motion to suppress and (2) in it's decision to sentence him based on his two prior felony drug convictions. On February 14, 2006, the Eighth Circuit Court of Appeals affirmed the petitioner's conviction and sentence.

Currently pending before the Court is petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing  (1) that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) that his conviction was obtained by use of a coerced confession;  (3) that his  conviction was obtained by a violation of the privilege against self-incrimination; (4) that he was denied effective assistance of counsel; (5) his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding; and (6) he was denied the right of appeal.

Claims 1, 2 and 3

Petitioner argues that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, by use of a coerced confession and by a violation of the privilege against self-incrimination.  Petitioner litigated these issues at the district court level and again on direct appeal. The Eighth Circuit Court of Appeals upheld this court's decision. When an issue was raised and resolved on direct appeal, in the absence of an intervening change in the law or newly discovered evidence, the Court will not reconsider any such claim in a section 2255 proceeding.  *Dall v. United States*, 957 F. 2d 571, 572 (8th Cir. 1992).  *English v. United States*, 998 F.2d 609, 612-13 (8th Cir), *cert. denied* 510 U.S. 1001 (1993).  Petitioner makes no allegation that the law has changed or that he has newly discovered evidence.

Claim 4

To obtain relief on his ineffective assistance of counsel claim, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052.  Petitioner  must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different.  *Id*. at 694, 104 S.Ct. at 2068.

Petitioner fails to state any facts which would support his assertion that he had ineffective

assistance of counsel. Petitioner claims that his counsel was ineffective because he allegedly made certain assurances regarding the manner in which his criminal history would be counted and informed him that his convictions would run concurrently rather than consecutively. Petitioner's representations to the Court during the change of plea colloquy conflict with these allegations. During the change of plea hearing the Court explained that there was a "good deal of uncertainty" as to the sentence Petitioner could receive. ( Change of Plea Transcript at 6-7). The Court also confirmed that Petitioner was not making the plea because he thought that he understood what his sentence would likely be. (Id. at 7). The petitioner indicated that he understood this uncertainty and further stated that he was not making this plea because of any promises or threats made against him. (Id. at 7 and 10). Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness or that but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.

## Claim 5

Petitioner also argues that his guilty plea was not voluntary. The Court finds that Petitioner's plea was knowing and voluntary. Petitioner testified under oath that he understood the proceedings, was guilty of the charge in Count 1 and was satisfied with his attorney. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.' " *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (citations omitted). Petitioner has a heavy burden to overcome those admissions and show that his plea was involuntary. *Id.*

Petitioner has failed to meet this burden.

## Claim 6

Finally, Petitioner argues that he was denied his right to appeal when his appellate counsel did not appeal the Eighth Circuit Court of Appeals decision to the United States Supreme Court. In *United States v. Peguero*, 526 U.S. 23 (1999) the Supreme Court held that a defendant is not entitled to habeas corpus or collateral relief where the district court failed to advise him of his right to appeal if he knew of his right and thus suffered no prejudice from the omission. Here, Petitioner was advised of his right to appeal, he was afforded an appeal to the Eighth Circuit Court of Appeals, and the failure of the public defender's office to seek certiorari to the Supreme Court did not deny him of this right. The Court finds that the Petitioner knew of his right to appeal, thus he has failed to demonstrate prejudice.

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle [him] to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. " *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). Based upon the record, the Court finds that petitioner is not entitled to an evidentiary hearing and his arguments fail for the reasons set forth herein.

For the reasons stated above, petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket # 73), is denied .

IT IS SO ORDERED this 17th day of December, 2007.


James M. Moody
United States District Judge